IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


| | | |
|---|---|---|
| TOMORROW BUSH, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 1:08cv874-MHT |
| | ) | (WO) |
| SHERIFF ANDY HUGHES, in his | ) | |
| individual and official | ) | |
| capacities, and JAIL | ) | |
| COMMANDER KEITH REED, in | ) | |
| his individual capacity, | ) | |
| | ) | |
|     Defendants. | ) | |

OPINION AND ORDER

Plaintiff Tomorrow Bush, a black female, claims that
her employment with the Houston County, Alabama Sheriff's
Department was terminated because of her race and gender,
in violation of the Equal Protection Clause of the
Fourteenth Amendment, as enforced through 42 U.S.C.
§ 1983, and Title VII of the Civil Rights Act of 1964, as
amended, 42 U.S.C. §§ 1981a, 2000e to 2000e-17.  Bush
names as defendants Sheriff Andy Hughes (in his official
and individual capacities) and Jail Commander Keith Reed

(in his individual capacity only).   She seeks both monetary and injunctive relief.   Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), as well as 42 U.S.C. § 2000e-5(f)(3).

This case is now before the court on Sheriff Hughes and Jail Commander Reed's motion to dismiss.   The motion will be granted as to Bush's Title VII gender-discrimination claim at Hughes in his official capacity and denied as to her Title VII race-discrimination claim against Hughes in his official capacity and her equal-protection race- and gender-discrimination claims against Hughes and Reed in their individual capacities.


I.   MOTION-TO-DISMISS STANDARD

In considering a defendant's motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6), the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5

F.3d 1399, 1402 (11th Cir. 1993).  Generally, to survive a motion to dismiss and meet the requirement of Fed.R.Civ.P. 8(a)(2), a complaint need not contain "detailed factual allegations," <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), but rather "only enough facts to state a claim to relief that is plausible on its face," <u>id</u>. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, ____ U.S. ____, ____, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>.


## II. BACKGROUND

• Bush alleges that, in January 2008, while working alone in a lock-down area for unruly inmates, she delivered food to inmate Heath Whitt in cell N-9.  Whitt

3

began yelling that he wanted to have sex with Bush and stating what he would like to do to her in "vividly vulgar terms." Pl.'s First Amended Compl. at 5. When Bush later returned to retrieve the food tray, Whitt refused to come to the cell door to deliver his tray and told Bush she would have to enter the cell to get it. As Bush was working alone and concerned about entering a cell with two unrestrained inmates, she insisted that Whitt bring the tray to the door, which all inmates were required to do. Whitt continued to refuse. Eventually, Whitt's cellmate handed Bush the tray. As Bush waited for the tray, standing just inside the cell with the door ajar, Whitt moved toward Bush in a threatening manner. Frightened and seeking to protect herself, Bush took out her pepper spray and sprayed Whitt. Bush called Sergeant Glenn Jones to the scene.

- Sergeant Jones wrote a report concluding that Bush used unnecessary force against Whitt. Bush disagrees with many of the factual conclusions in this report. A

4

disciplinary report was filed against Bush, and she was terminated.[1]

- On January 30, Reed held a termination hearing, which Bush attended; however, Bush was not permitted to ask questions.  Reed upheld the decision to terminate Bush.

- On February 8, Hughes conducted an appeals hearing.  Bush brought a witness to this hearing, but Hughes refused to hear the witness's testimony.  On February 14, Hughes sent Bush a letter concurring in the decision to terminate her employment.

- On January 27, 2008, Bush filed for unemployment. She was denied initially because she had been terminated for misconduct.  She appealed this decision and was ultimately awarded full benefits.  The hearing officer who presided over her appeal concluded that her use of pepper spray was appropriate and no misconduct was committed.

---

1.  Bush was terminated between January 24 and January 30, but the complaint does not clarify which day.

• On April 3, 2008, Bush filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging discrimination based on race.

• On October 31, 2008, Bush filed this lawsuit. Bush alleges, in some detail, that white males used greater force against inmates than she herself did, but that they were not determined to have used "excessive force" and were not terminated.  Bush offers several examples.  Officer Keith Fitzgerald, a white male, tasered an inmate while the inmate was in handcuffs; Fitzgerald was not terminated.  Officers Ronnie Dye and Michael Brian Shelley, also white males, tasered inmates who refused to comply with instructions, although they did not pose a threat to the officers; neither officer was terminated.

### III.  DISCUSSION

#### 1.

Sheriff Hughes argues that Bush's Title VII gender-discrimination claim (Count III), which is against him in

his official capacity only, should be dismissed because she did not allege gender discrimination in her EEOC charge.  Bush concedes that she did not check the box for gender discrimination when she filed her EEOC charge, but she argues that any reasonable investigator would have known that she intended to bring a gender-discrimination charge.

It is uncontested that filing an administrative complaint with the EEOC is a prerequisite to a Title VII action.  "A Title VII action, however, may be based not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." Chanda v. Engelhard/ICC, 234 F.3d 1219 (11th Cir. 2000).  This court must therefore ask: Was Bush's charge of gender discrimination "like or related to" her charge of race

discrimination such that it "could reasonably be expected to grow out of" her initial charge?  The answer is no.

Courts have generally rejected requests to permit a Title VII claim of either race, gender, or national-origin discrimination where that claim was not asserted in the initial EEOC charge.  <u>See, e.g.</u>, <u>Chanda</u>, 234 F.3d 1219 (rejecting attempt to add retaliation claim based on disability where EEOC charge claimed only retaliation based on national origin); <u>Cobb v. Marshall</u>, 481 F. Supp. 2d 1248, 1254 (M.D. Ala. 2007) (DeMent, J.) (rejecting attempt to add sexual harassment claim, where only race discrimination and retaliation were alleged in EEOC charge); <u>Gaston v. Home Depot USA, Inc.</u>, 129 F. Supp. 2d 1355, 1366 (S.D. Fla. 2001) (Gold, J.)(rejecting attempt to add national-origin-discrimination claim where EEOC charge claimed only race discrimination).

Even more, in this specific instance, the language in Bush's EEOC charge clearly asserted <u>only</u> race discrimination; nothing in the charge even hinted at

8

gender discrimination.  Bush marked only the box for race discrimination, and her EEOC charge stated that, "I believe the Respondent terminated my employment because of my race, Black."  The charge goes on to assert that a "White Correctional Officer" who tasered an inmate was not dismissed and that "Respondent has a history of disciplining Black Correctional Officers more harshly than White Correctional Officers."  She called considerable attention to the race of her comparators, and she  did not state their gender in the EEOC charge.  As such, there was nothing in the charge that would have put a reasonable EEOC investigator on notice that Bush might also have intended to allege gender discrimination.  Her gender-discrimination allegation cannot be considered a like or related allegation reasonably expected to grow from her race-discrimination allegation.  Bush's Title VII gender-discrimination claim against Sheriff Hughes in his official capacity must be dismissed.

However, because Bush's equal-protection gender-discrimination claim against Hughes in his individual capacity does not require the filing of an EEOC charge, this conclusion does not dispose of that claim.

2.

Sheriff Hughes and Jail Commander Reed contend that Bush's equal-protection claims for race and gender discrimination (Counts I and IV), against them in their individual capacities, should be dismissed because she has not met the heightened-pleading requirements to survive the defense of qualified immunity.

Courts "must keep in mind the heightened pleading requirements for civil rights cases, especially those involving the defense of qualified immunity." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003). However, "[t]o satisfy even the heightened pleading standard for § 1983 claims, [the plaintiff] need plead only 'some factual detail' from which the court may determine whether

Defendants' alleged actions violated a clearly established constitutional right." <u>Amnesty Intern., USA v. Battle</u>, 559 F.3d 1170, 1180 (11th Cir. 2009) (quoting <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992)).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Qualified immunity should be available at "the earliest possible stage in litigation because the defense is immunity from suit and not from damages only." <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001).

To be entitled to qualified immunity, the defendant must demonstrate that he was performing a discretionary function in committing the allegedly unconstitutional conduct. <u>Holloman ex rel. Holloman v. Harland</u>, 370 F. 3d

11

1252, 1263 (11th Cir. 2004).  The burden then shifts to the plaintiff to show, in general and preferably, two things: first, that the defendant violated a constitutional right and, second, that the right was clearly established at the time.  Pearson v. Callahan, ___ U.S. ____, _____, 129 S. Ct. 808 (2009); Saucier v. Katz, 553 U.S. 194, 200 (2001).  In short, the plaintiff must show that the defendant violated a constitutional right sufficiently clearly established that a reasonable person would have known of it.

Bush agrees with Sheriff Hughes and Jai Commander Reed that they were performing a discretionary function within their powers when they terminated her.  The only issue in dispute is whether the defendants violated Bush's clearly established constitutional right.  It has long been recognized that firing an employee because of her race or gender is a violation of clearly established constitutional and statutory rights.  See, e.g., Bogle v. McClure, 332 F.3d 1347, 1355 (11th Cir. 2003) ("[T]here is

no doubt that ... it was clearly established that intentional discrimination in the workplace on account of race violated federal law."); Stuart v. Jefferson County Dept. of Human Resources, 152 Fed. Appx. 789, 803 n.6 (11th Cir. 2005) ("The district court also properly rejected [defendant's] defense of qualified immunity because gender discrimination was a clearly established violation of the law at the time of the alleged violations.") (citing Williams v. Consolidated City of Jacksonville, 341 F.3d 1261, 1270-71 (11th Cir. 2003)).

In fact, Hughes and Reed do not contest that firing an employee solely on the basis of her race or gender would violate clearly established constitutional and statutory law. Instead, they argue that "it is undisputed that Plaintiff's employment was terminated because of her use of excessive force against an inmate." Defs.' Reply M. Dismiss at 8. Hughes and Reed then push the argument that it is not a violation of clearly established constitutional law to terminate an employee based

partially on race or gender discrimination, if that decision was also based partially on a legitimate, non-discriminatory rationale.

Hughes and Reed rest their argument on <u>Rioux v. City of Atlanta, Ga.</u>, 520 F.3d 1269, 1284 (11th Cir. 2008), which determined that qualified immunity should be granted to defendants where the decision to discipline an employee was motivated, at least in part, on a legitimate rationale, namely, the employee's actual violation of certain work rules.  The <u>Rioux</u> court noted that "the record undisputably established that objectively valid reasons existed for the [adverse=employment decision], because the incidents underlying the discipline ... did in fact take place."  <u>Id</u>. at 1284.  "Summary judgment," the court continued, "was [therefore] appropriate because the record undisputably established that [the defendant] was motivated, at least in part, by the lawful consideration of the disciplinary incidents."  <u>Id</u>.

In this case, because Bush concedes that she used some force in the form of pepper spray against an inmate, it is established that the incidents underlying the discipline did take place. But, as this case is currently before the court on a motion to dismiss and discovery has not yet been conducted, there is no record undisputably establishing Hughes and Reed's motivation. On the contrary, Bush alleges in some detail that they did not actually rely on the incident report but rather that the report itself and any stated reliance upon it were merely a pretext for discrimination. Therefore, <u>Rioux</u> is inapplicable.

At this stage, the court looks only at the complaint, which, first, asserts that Bush was fired because of her race and gender and which, second, identifies similarly situated persons, outside her protected classes, who were treated more favorably than she. Furthermore, Bush has provided enough factual allegations (of white male officers who engaged in similar conduct but who were not

15

terminated) for the court to determine that, if Bush can prove her allegations, Hughes and Reed violated a right that was clearly established at the time. Therefore, Bush's equal-protection claims charging race and gender discrimination (Counts I and IV) survive the motion to dismiss, even under the Eleventh Circuit's heightened-pleading standards.

### 3.

Finally, because Bush's equal-protection race-discrimination survives, her Title VII race-discrimination claim (Count II), against Hughes in his official capacity, survives as well. See Rioux, 520 F.3d at 1275 n. 5 ("Title VII and section 1983 claims have the same elements where the claims are based on the same set of facts."); see also Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008) ("The analysis of disparate treatment claims under § 1983 is identical to the analysis under Title VII where the facts on which the claims rely are the same.").

Bush has "nudged" her claim "across the line from conceivable to plausible." <u>Iqbal</u>, ___ U.S. at _____,129 S.Ct. at 1951 (quoting <u>Twombly</u>, 550 U.S. at 570).

***

Accordingly, it is ORDERED as follows:

(1) Defendants Andy Hughes and Keith Reed's motion to dismiss (doc. no. 56) is granted as to plaintiff Tomorrow Bush's Title VII claim (Count III) charging gender discrimination against defendant Hughes in his official capacity.  This claim is dismissed.

(2) Said motion to dismiss is denied as to (a) plaintiff Bush's Title VII claim (Count II) charging race discrimination against defendant Hughes in his official capacity and (b) her equal-protection claims (Counts I and IV) charging race and gender discrimination against defendants Hughes and Reed in their individual capacities. These claims will go forward.

DONE, this the 8th day of September, 2009.

<u>   /s/ Myron H. Thompson   </u>
UNITED STATES DISTRICT JUDGE